IN THE UNITED STATES DISTRICT COURT **FILED**
EASTERN DISTRICT OF ARKANSAS  <small>U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS</small>
PINE BLUFF DIVISION

JUL 0 6 2005

JAMES W. McCORMACK, CLERK
By:_____
<small>DEP CLERK</small>

RICHARD DELON DAY, JR.
ADC #88100
                                                            **PLAINTIFF**

V.                              5:04CV00384 WRW/HDY
                                5:05CV00033 WRW/JTR

CORRECTIONAL MEDICAL SERVICES, et al.                       **DEFENDANTS**


## ORDER

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC") has commenced the following *pro se* § 1983 actions: (1) *Day v. Correctional Medical Services,* 5:04CV00384 WRW/HDY ("*Day I*"); and (2) *Day v. Correctional Medical Services,* 5:05CV00033 WRW/JTR ("*Day II*"). Plaintiff has filed a Motion to Consolidate the claims raised in *Day I* with those he has previously raised in *Day II*. For the reasons set forth herein, the Court will: (1) deny Plaintiff's Motion to Consolidate; (2) dismiss *Day II*, without prejudice; (3) instruct Plaintiff to file a Motion to Amend the Complaint he filed in *Day I*; and (4) issue the necessary instructions to ensure that Plaintiff is not required to pay the filing fee for *Day II*.

### I. Background

In *Day I*, which Plaintiff filed on October 16, 2004, he alleges inadequate medical care, retaliation, and related claims against Correctional Medical Services ("CMS"), CMS medical personnel, and ADC employees. *See Day I,* 5:04CV00384 WRW/HDY at docket entry #1. Plaintiff paid the $150 filing fee in full. *Id.* at docket entry #3. The Court subsequently granted Plaintiff permission to proceed *in forma pauperis* (for the purpose of service only) and ordered service upon

Defendants. *Id.* at docket entry #7. All but one of the Defendants in that action have been served.[1] *Id.* at docket entries #8 through #11 and #15 through #20.

In *Day II*, which Plaintiff filed on January 31, 2005, he again alleges inadequate medical care, retaliation, and related claims against CMS, CMS medical personnel, and ADC employees. *Day II*, 5:05CV0033 WRW/JTR at docket entry #1. Plaintiff did <u>not</u> pay the filing fee and filed an Application to Proceed *In Forma Pauperis. Id.* at #4. On February 18, 2005, the Court granted Plaintiff's Application, determined that there were insufficient funds for accessing an initial partial filing fee, and ordered that the filing fee be paid in monthly installments collected by the ADC from Plaintiff's institutional account.[2] *Id.* at docket entry #5. The Court has not yet screened the Complaint in *Day II*, as required by 28 U.S.C. § 1915A, or ordered service of that Complaint on the Defendants.

## II. Discussion

After careful consideration of Plaintiff's Motion to Consolidate *Day I* with *Day II* (*see* 5:05CV0033 WRW/JTR at docket entry #9), the Court concludes that the claims raised in those two actions are either redundant or stem from the same nucleus of facts. Thus, it would be beneficial to the Court if Plaintiff's claims were brought in a single action.[3] Doing so will also benefit Plaintiff because he will only be required to pay one filing fee, instead of two.

---

[1] Service on Defendant Marian Horn was returned unexecuted because she is no longer a CMS employee. *See* docket entry #20.

[2] 28 U.S.C. § 1915(b) provides that an inmate who is granted permission to proceed *in forma pauperis* must, nevertheless, pay the filing fee. The *in forma pauperis* status allows the prisoner to pay the filing fee in monthly installments (instead of a lump sum payable at the time the action is commenced) and requires the Court to complete service on the prisoner's behalf. *Id.* at § 1915(b) and (d).

[3] It has been the Court's experience that consolidation of *pro se* § 1983 cases often leads to docketing confusion. Additionally, the claims raised in *Day II* have not yet been screened, as required by 28 U.S.C. § 1915A.

Thus, the Court will dismiss *Day II*, without prejudice, and order Plaintiff to file an Amended Complaint in *Day I*. Plaintiff's Amended Complaint shall state, <u>in no more than 10 pages</u>:[4] (1) the <u>new</u>[5] claims he intends to add; (2) the names of the <u>new</u> Defendants he intends to add; and (3) how each newly named Defendant was personally involved in alleged constitutional violations. After screening the Amended Complaint, the Court will decide what claims and/or Defendants should be added, and order service on any new Defendants. Finally, the Court will ensure that no funds are retained or collected from Plaintiff's institutional account for payment of the filing fee in *Day II*.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.     The Motion to Consolidate filed in *Day II*, 5:05CV00033 WRW/JTR (docket entry #9) is DENIED.

2.     The February 18, 2005 *In Forma Pauperis Order* entered in *Day II*, 5:05CV00033WRW/JTR (docket entry #5) is VACATED.

3.     The Clerk is directed to return to Plaintiff any funds that have been or are collected from Plaintiff's institutional account as payment for the filing fee in *Day II*, 5:05CV00033 WRW/JTR.

---

[4] The Complaint Plaintiff filed in *Day I* was thirty-five pages in length and included numerous attachments. *See Day I*, 5:04CV00384 WRW/HDY at docket entry #1. Likewise, the Complaint Plaintiff filed in *Day II* was fifty-two pages in length and included approximately an inch and a half of attachments. *See Day II*, 5:05CV0033 WRW/JTR at docket entry #1. The Federal Rules of Civil Procedure provide for notice pleading in federal court. Thus, it is not necessary for Plaintiff to plead detailed facts establishing his alleged constitutional violations. *Okruhlik v. Univ. of Arkansas*, 255 F.3d 615, 627 (8th Cir. 2001). Instead, Plaintiff is only required to set forth a "short and plain statement" of the facts showing that he is entitled to relief and giving "the opposing party fair notice of the nature and basis" for his claims. *See* Fed. R. Civ. P. 8(a); *Northern States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004).

[5] The Court emphasizes that there is no need for Plaintiff to reassert the claims he has already set forth in the original Complaint he filed in *Day I*, 5:04CCV00384 WRW/HDY.

4.    The Director of the Arkansas Department of Correction, his designee, or any future custodian is directed to cease collecting any funds from Plaintiff's institutional account for the payment of the filing fee in *Day II,* 5:05CV00033 WRW/JTR.

5.    The Clerk is directed to send a copy of this Order to: (a) the Warden of the East Arkansas Regional Unit, P.O. Box 180, Brickeys, Arkansas 72320-0180; (b) the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and (c) the Arkansas Board of Correction and Community Punishment Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550.

6.    *Day II,* 5:05CV00033 WRW/JTR is DISMISSED, WITHOUT PREJUDICE, and all remaining Motions in that case are DENIED, AS MOOT.

7.    **Within thirty days of the entry of this Order**, Plaintiff shall file, **in *Day I,* 5:04CV00384 WRW/HDY,** an Amended Complaint, as specified in this Order.

Dated this 6th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE